[Civ. No. 1905. First Appellate District.—February 27, 1917.]

JULES KLOSTER, Appellant, v. C. W. HAWN, Respondent.

LANDLORD AND TENANT—CROPPING LEASE—PAYMENT FOR LEVELING AND CHECKING LAND—INTERPRETATION OF ORAL CONTRACT—CONDUCT OF PARTIES.—Where parties standing in the relation of landlord and tenant with respect to a tract of land which the latter was to work on shares under a cropping lease place their own construction upon the terms of an oral understanding between them as to the extent to which the work of the tenant in leveling and checking the land should proceed before he was entitled to be paid for such work, it is not error for the trial court to interpret the contract in keeping with the conduct of the parties in making their settlements from time to time.

ID.—RECOVERY FOR LEVELING AND CHECKING LAND—EVIDENCE—TESTI-
MONY OF SURVEYOR — REBUTTAL. — Where an action in unlawful
detainer to oust the tenant from the land is consolidated for trial
with a subsequent action brought by the landlord for proceeds from
the sale of crops, in which action the tenant by cross-complaint
sought judgment for money expended in plowing and checking the
land upon an oral agreement, it is not prejudicial error to refuse
to permit the plaintiff to testify in rebuttal as to his having ordered
a surveyor to make a survey of the land for the purpose of showing
the amount of work done by the defendant, or in refusing to permit
the surveyor to testify as to what work his survey showed to have
been done, where the record shows that the surveyor, when called
as a witness by plaintiff, testified, without objection, to the extent
of identifying the maps which he had made, and such maps were
then admitted in evidence.

APPEAL from a judgment of the Superior Court of Fresno
County. George E. Church, Judge.

The facts are stated in the opinion of the court.

L. N. Barber, and F. W. Docker, for Appellant.

W. D. Crichton, and C. K. Bonestell, for Respondent.

LENNON, P. J.—This is an appeal by the plaintiff from a
judgment in the defendant's favor for the sum of $340 and
costs upon his answer and cross-complaint.

The record discloses the following facts: During the years
from 1913 to 1915, inclusive, the plaintiff and defendant stood
in the relation of landlord and tenant with respect to a cer-
tain tract of land in Fresno County, which the defendant was
to work on shares under a cropping lease. During the close
of the latter year the plaintiff commenced an action in un-
lawful detainer for the ouster of the defendant from the land.
The defendant apparently appeared and answered in that
action, and issues being thus made up, the cause was ready
for trial. In the meantime the plaintiff commenced the pres-
ent action against the defendant for the recovery of money
alleged to have been received by the latter for the plaintiff's
use and benefit from the sale of certain crops raised upon the
land. The defendant appeared in that action with an an-
swer and cross-complaint for money expended in plowing and
checking the land in question upon an oral agreement with

the defendant providing for the extent and compensation of such work. Plaintiff answered said cross-complaint, admitting the making of an oral agreement with the defendant for the leveling, checking, plowing, and seeding of certain portions of the land in question, but denying that its terms were those alleged by the defendant, and averring that the defendant had not performed or completed the performance of his part of said agreement. The issues in this action having been thus made up, both of said causes came on for trial, whereupon it was stipulated by counsel for the respective parties that the two causes should be tried together. The court permitted this to be done, and upon such dual trial the plaintiff apparently took the laboring oar, and undertook to testify upon his examination with respect to the amount of leveling and checking of the land which the defendant had done during the years in question, and also as to the various transactions between the defendant and himself relating to said agreement and its performance, and also as to the settlements made from time to time as the products of the land were sold and their proceeds divided. The defendant also testified as to the terms of the oral agreement between the parties, with respect to the leveling, checking, and cultivation of the land, and the application from time to time of the moneys realized from the disposition of its crops. The court found from the evidence before it that there was a balance due the defendant of $340, and rendered its judgment accordingly. Plaintiff appeals.

Appellant's first contention is that the evidence is insufficient to sustain the findings of the court in the particular respect that it fails to show that the defendant had so far completed the work of leveling and checking the land in question, according to the terms of the oral agreement between the parties, as to be entitled to recover the amount awarded him; and that in respect to his cross-complaint for the value of such work his action was prematurely brought.

From a reading of the whole record we are unable to say, however, that the court was in error in reaching the conclusion arrived at by it. Whatever may have been the precise terms of the original oral understanding between the parties as to the extent to which the work of the defendant in leveling and checking the whole of the land, or even the whole or any part of one or more of its several lots, should proceed

before he was entitled to be paid for such work, the record does show that the parties by their conduct in making their settlements from time to time as the products of the land were sold placed their own construction upon the contract in suit, which in effect was that the defendant was to be paid from time to time a specified sum per acre for the work actually done by him, regardless of whether or not the whole or any part of said work had been completed. We are not, therefore, prepared to say that the trial court was in error in interpreting the contract in suit in keeping with the conduct of the parties thereto. Nor can we say from the record before us that the sum awarded to the defendant was not justified by the evidence adduced upon the whole case.

The next and final contention of the plaintiff is that the court erred in its refusal to permit him to testify in rebuttal as to his having ordered a surveyor to make a survey of the land for the purpose of showing the amount of leveling and checking done by the defendant; and was also in error in refusing to permit the surveyor to testify as to what work his survey showed to have been done by the defendant. Had this case been tried alone, there could be no doubt that the ruling of the trial court in refusing to permit the introduction of this offered evidence upon the objection that it was not rebuttal would be error. It was clearly in proper rebuttal of the defendant's evidence in support of his cross-complaint in this action; but whether it was prejudicial error sufficient to require a reversal of the judgment is another question. The only matter to which the plaintiff was called in rebuttal was as to his having ordered the survey. This would seem to be rather immaterial, for whether or not the plaintiff had ordered the survey would not affect the integrity or value of the survey or of the surveyor's testimony regarding it had he been allowed to so testify. The material error, if any, lay in the refusal of the court to permit the testimony of the surveyor to be given; but in this respect the record shows that the surveyor, when called as a witness by plaintiff, did testify without objection to the extent of identifying the maps which he had made purporting to show the amount of leveling and checking which had been done by the defendant upon the land. These maps were then offered and admitted in evidence, and it was after these were before the court that the objection was for the first time made and

sustained to the questions asked of the surveyor as to the leveling and checking of the land. The maps are not before us; and we are therefore unable to say that the evidence of the surveyor, if presented, would have added anything to what had already been shown upon the face of his map. The burden was upon the appellant to affirmatively show reversible error of the court in its ruling in respect to this matter, and we cannot say that such error appears in the absence of some affirmative showing or claim that the testimony of the surveyor would have added anything to that which had been already exemplified on the face of his maps. Aside from this, however, there is no record here as to what the issues were in the action for unlawful detainer, and in which it may well be that the evidence above offered would not have been proper rebuttal. It does appear, however, that upon the trial the plaintiff did assume to testify in chief as to the deficiencies in the defendant's work. The trial court, with the record of both cases before it, held that the plaintiff having gone into the matter in chief should have exhausted his proofs. In view of the state of the record, we are unable to say that in so doing the court abused the discretion with which by the code it is invested as to the order of proof in the dual trial before it.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.